1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| MARLON BLACHER, | Case No.:  20-cv-1861-GPC (BLM) |
| Petitioner, | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| v. | |
| RALPH DIAZ, Secretary, et al., | |
| Respondents. | |

17
18
19
20
21

Petitioner, a state prisoner incarcerated at the R.J. Donovan Correctional Facility in San Diego, California, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner is challenging the restitution money judgment resulting from his 2008 murder conviction in the Contra Costa County California Superior Court.  (ECF No. 1 at 1–44.)

22
23
24
25
26
27
28

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a judgment of conviction that was entered in the Contra Costa County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California.  See 28 U.S.C. § 84(a).  Petitioner is presently confined

1

at R.J. Donovan Correctional Facility in San Diego, California, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. 28 U.S.C. § 84(d). When a habeas petitioner is challenging a judgment of conviction, the district court of the district in which the judgment of conviction was entered is a more convenient forum because of the accessibility of evidence, records, and witnesses. See Braden, 410 U.S. at 497, 499 n.15 (stating that a court can transfer habeas cases to the district of conviction which is ordinarily a more convenient forum).

The Court will not transfer this action there because it appears Petitioner is only challenging the aspect of his judgment of conviction involving the restitution amount, and federal habeas courts lack jurisdiction over such challenges. Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010) (holding that federal courts lack jurisdiction over habeas corpus petitions challenging only restitution orders). However, if Petitioner wishes to challenge his conviction, which took place in the Northern District of California, he should file a new petition in the United States District Court for the Northern District of California.

## **CONCLUSION AND ORDER**

The Court **DISMISSES** the case without prejudice to Petitioner, if he wishes so, to proceed with his claims in the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**

Dated: September 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge